## Totani v. Lansford-Coaldale Joint Water Authority

*Martin H. Philip* and *Steven J. Hartz,* for plaintiff.
*Murray Mackson,* for defendant.

HEIMBACH, *P. J.,* October 8, 1975 — Defendant's preliminary objections are, but not in this order, in the nature of a demurrer, motion for a more specific complaint and a motion to strike.

### HISTORY

Plaintiff's premises, known as the Aquilla Hotel, according to her complaint in assumpsit and trespass, was completely destroyed by fire because of insufficient water and water pressure. She seeks in these actions to recover her damages.

## DISCUSSION

Plaintiff brings the action in assumpsit as a third-party beneficiary of the contract between the Borough of Lansford and the authority for the supplying of water to her premises. The action in trespass is predicated on the negligent manner in which defendant carried out its duties or in failing to perform such duties to supply an adequate water supply to plaintiff's premises.

Defendant's motion, in the nature of a demurrer as to the assumpsit action, is sustained. She, as a property owner, is not party to the contract between the borough and authority. Defendant's motion in the nature of a demurrer to the trespass action is denied. In so ruling, we are guided by the statement of Justice, now Chief Justice, Jones in Doyle v. South Pittsburgh Water Co., 414 Pa. 199, 210, 199 A. 2d 875, 880 (1964), viz.:

" 'Generally a party to a contract does not become liable for a breach thereof to one who is not a party thereto. However, a party to a contract by the very nature of his contractual undertaking may place himself in such a position that the law will impose upon him a duty to perform his contractual undertaking in such manner that third persons — strangers to the contract — will not be injured thereby; . . . It is not the contract per se which creates the duty; it is the law which imposes the duty because of the nature of the undertaking in the contract.' "

Likewise, see our opinion in Rudermans v. Borough of Lansford, 3 Carbon 83, where we state:

"Defendant's act in supplying water is a proprietary function, Malter, Appellant, v. S. Pittsburgh Water Co., 414 Pa. 231, 237; and is li-

able in damages to one using its services for its negligence."

See also Ayala v. Philadelphia Board of Public Education, 453 Pa. 584, 305 A.2d 877 (1973), where the immunity doctrine as a defense is no longer available to local government units.

Defendant's motion to strike, because of the joinder of counts in assumpsit and trespass, contrary to Pa. R.C.P. 1020(d)(1), in view of our sustaining defendant's demurrer to such assumpsit action, is now moot and requires no ruling.

## MOTION FOR A MORE SPECIFIC COMPLAINT

Defendant charges that the complaint fails to sufficiently apprise it of the facts which it must be prepared to meet. It specifically attacks the various allegations of negligence alleged by plaintiff as being merely conclusions and not statements of facts. We disagree.

In paragraph 8, she apprises defendant that there was insufficient water pressure at the hydrants to fight the fire.

In paragraph 5, she apprises defendant that it had a duty to supply such water to the hydrants.

In paragraph 9(a), she apprises defendant that because of its failure to maintain its hydrants, pipes, water mains and water system in a proper and adequate state of repair, it prevented the proper flow of water and water pressure.

In paragraph 9(b), she apprises defendant that it failed to provide sufficiently large water mains for the proper distribution of water.

In paragraph 9(d), she apprises defendant that it failed to maintain standpipes which were adequate in elevation to provide necessary supply of water.

In paragraph 9(f), she apprises defendant that it failed to correct the deficiencies complained of after having prior notice of these inadequacies.

All of these conditions she states resulted from the negligent manner in which it performed or failed to perform its duties to supply an adequate amount of water.

These allegations are factual statements that sufficiently apprise defendant of what it will be obliged to meet in the way of a defense. If, as it argues, it should be advised in what way or manner it properly failed to maintain its system or what repairs it failed to make, etc., etc., it may learn these answers through depositions.

In concluding that the complaint is sufficient, we adopt the language of plaintiff in its brief:

"Our courts have repeatedly held that the only question raised by a Motion for a More Specific Pleading under Rule 1017 (b) (3) is 'whether the Complaint is sufficiently clear to enable the defendant to prepare his defense' or 'whether the plaintiff's complaint informs the defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense.' 1 Goodrich-Amram 88. And it is clear that the introduction of the discovery rules have rendered the scope of a Motion for a More Specific Complaint considerably narrower than under the former rules. Mikula vs. Harrisburg Polyclinic Hospital, 58 D & C 2d, 125; Catina vs. Markley, 77 Dauph. Co. Rep. 330. Thus, a more specific complaint will not be ordered to develop matters which are essentially evidentiary, since if defendant needs more information to prepare his answers it is available to him through the discovery proce-

dures. Ramsey vs. Harnett, 7 D & C 2d 693. These principles are particularly applicable in a case where a defendant has, or should have, as much as or more knowledge than plaintiff, Charles vs. Crestview Properties, 15 D & C 2d 568, or where the specific information sought is peculiarly within the knowledge of the defendant or his agent, Rosenblum vs. United Natural Gas Co., 11 D & C 2d 340."

For all of these reasons we enter the following

### ORDER

Now, October 8, 1975, all of defendant's preliminary objections, excepting its demurrer to the action in assumpsit which is sustained, are dismissed.

Defendant is given 20 days to file an answer to plaintiff's complaint.